

# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
May 6, 2022 02:11 PM
     PAVAN PARIKH
    Clerk of Courts
  Hamilton County, Ohio
  CONFIRMATION 1187135
```

**GERALD DOUGLAS MCKEON**           **A 2201636**

vs.

**DAYS MIAMI HEIGHTS PHARMACY**

**FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND**

**PAGES FILED: 15**

EFR200

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO
CIVIL DIVISION

| | |
|---|---|
| **GERALD DOUGLAS MCKEON**<br>3680 Shady Lane<br>North Bend, OH 45052<br><br>　　　　Plaintiff,<br><br>v.<br><br>**DAY'S MIAMI HEIGHTS**<br>**PHARMACY**<br>Serve:<br>7567 Bridgetown Road<br>Cincinnati, OH 45248<br>Serve via Certified Mail<br><br>**And**<br><br>**JOHN AND/OR JANE DOE NO. 1**<br>Serve:<br>Consisting of presently<br>unknown pharmacist of<br>Day's Miami Heights Pharmacy<br>7567 Bridgetown Road<br>Cincinnati, OH 45248<br>Serve via Certified Mail<br><br>and<br><br>**JOHNSON & JOHNSON, INC.**<br>**JANSSEN PHARMACEUTICALS**<br>Serve:<br>CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, OH 43219<br>Serve via Certified Mail<br><br>**Defendants.** | Case No. _____<br><br>Judge _____<br><br>**COMPLAINT FOR DAMAGES**<br><br>**WITH JURY DEMAND**<br>**ENDORSED HEREON** |

1

Plaintiff, Gerald Douglas McKeon, for his *Complaint for Damages with Jury Trial Demand Endorsed Hereon* (the "Complaint) against defendants Day's Miami Heights Pharmacy, John and/or Jane Doe Registered Pharmacist of Day's Miami Heights Pharmacy and Johnson & Johnson – Janssen Pharmaceuticals (together, the "Defendants"), states and alleges as follows:

I. **PARTIES**.

1. The incidents giving rise to this action and the subject matter of the Complaint arise out of medical treatment, negligence, fraud, acts and omissions, and conduct that occurred in Hamilton County, Ohio.

2. Plaintiff is a resident of and is domiciled in Hamilton County Ohio.

3. At all times relevant, Day's Miami Heights Pharmacy (hereinafter "Day's Pharmacy") was licensed in the state of Ohio via the Ohio Board of Pharmacy for the distribution of pharmaceuticals and prescription drugs, as well as the administration of immunizations and durable medical equipment services.

4. "John/Jane Doe" Registered Pharmacist employed by Day's Pharmacy, to include registered pharmacists, doctorates of pharmacy, pharmacy technicians and all other pharmacy staff.

5. At all times relevant herein, Day's Pharmacy held itself out to the public, and specifically to Plaintiff, as an organization providing competent and qualified pharmaceutical and immunization services by and through its pharmacists, pharmacists in training, pharmacy technicians, agents, ostensible agents, servants and/or employees.

6. At all times relevant, Johnson & Johnson was an American corporation that developed medical devices, pharmaceuticals, and consumer packaged goods.

7. At all times relevant herein, Johnson & Johnson promoted itself and Janssen, it's pharmaceutical branch, as a company trusted by families for over 130 years and that they believe responsibility is theirs to protect people, especially the most vulnerable, from the world's most challenging and wide-reaching infectious diseases like COVID-19.

8. At all times relevant herein, Johnson & Johnson – Janssen Pharmaceuticals held itself out to the public, and specifically to Plaintiff, as a pharmaceutical company providing competent and qualified services and who pledged to conduct their clinical research for their COVID-19 vaccine in accordance with high ethical standards and sound scientific principles. Johnson & Johnson – Janssen Pharmaceuticals held itself out to the public, and specifically to the Plaintiff, as having a commitment to safety and transparency in their research for the COVID-19 vaccination.

9. Johnson & Johnson is the corporate parent, owner, and operator of Janssen Pharmaceuticals operating in 150 countries with three locations in the United States (Titusville, NJ; Raritan, NJ; Horsham, PA).

## II. JURISDICTION AND VENUE.

10. The amount in controversy exceeds the jurisdictional threshold of this Court.

11. This Court is thus the proper venue to grant Plaintiff the relief sought.

3

### III. FACTS.

12. On May 6, 2021, Plaintiff received the Johnson & Johnson – Janssen COVID-19 vaccination at Day's Pharmacy in Cincinnati, Ohio.

13. Day's Pharmacy and their staff advertised themselves to the public as a pharmacy where one could be informed and prepared regarding the COVID-19 pandemic and where Plaintiff could obtain a COVID-19 vaccination.

14. On May 8, 2021 Plaintiff began to experience weakness in his extremities, left greater than the right. He also was having significant left-sided abdominal pain. Prior to this, he was a very healthy and physically active male.

15. Plaintiff found these acute symptoms extremely concerning, and he went to the emergency department. After being evaluated in the emergency department at Good Samaritan Hospital, he was admitted from May 15, 2021 to May 19, 2021 to evaluate the new onset of left-sided weakness.

16. Neurosurgery at Good Samaritan Hospital felt the symptoms were likely related to an autoimmune or inflammatory process after receiving the Johnson & Johnson - Janssen COVID-19 vaccination. Intravenous fluids and steroids were administered.

17. After being home for a week, Plaintiff was again hospitalized at Good Samaritan Hospital on May 27, 2021 due to worsening bilateral upper and lower extremity weakness.

18. After Plaintiff completed his oral steroid taper at home, his symptoms returned, progressively ascending from his toes up. Upon return to the hospital, Plaintiff was unable to ambulate or hold items in either hand. He also had urinary retention and no longer could feel an urge to urinate. This required Plaintiff to undergo frequent bladder scans and catheterization to drain his bladder.

4

19. Plaintiff was diagnosed with transverse myelitis related to an immune system challenge from the COVID-19 Johnson & Johnson – Janssen vaccination. Transverse myelitis is a rare neurological autoimmune disorder, meaning the body's immune system attacks its own tissues.

20. Plaintiff received five doses of IVIG (intravenous immunoglobulin), a pooled antibody used for multiple autoimmune/inflammatory/infectious conditions. He also again received steroids.

21. On June 3, 2021 Plaintiff was transferred to the TriHealth Rehabilitation Hospital. He remained there until June 19, 2021 receiving intensive rehabilitation and education on how to independently drain his bladder by self-catheterization. At discharge he went home with home health care and supplies to intermittently self-catheterize and a rolling walker for ambulation.

22. Plaintiff continues to have right leg numbness, torso numbness, and left-hand numbness. He states his left hand does not function properly.

23. Due to the vaccine injuries Plaintiff received and the subsequent required medical care, he now suffers from depression and hopelessness, and financial concerns.

24. In addition to being non-indicated, unnecessary, and negligently performed, Johnson & Johnson – Janssen and Day's Pharmacy's actions proximately caused serious pain, disfigurement, paralysis, mental anguish, and other damages, all of which he suffers to this day. As a result of defendants' wrongful actions, he is unable to work as he did prior to his COVID-19 vaccination.

25. As a direct and proximate result of this COVID-19 vaccination and the negligence of the defendants, the Plaintiff has suffered harm.

## IV. CAUSES OF ACTION.

### DAY'S PHARMACY:

### COUNT I: NEGLIGENCE

26. Defendant Day's Pharmacy owed his patient, Plaintiff, the duty to exercise the degree of skill, care, and diligence an ordinarily prudent health care provider would have exercised under like or similar circumstances.

27. Defendant Day's Pharmacy breached their duty by failing to exercise the requisite degree of skill, care and diligence that an ordinarily prudent health care provider would have exercised under same or similar circumstances through, among other things, negligent diagnosis, medical mismanagement and mistreatment of Plaintiff, including but not limited to improper selection for COVID-19 vaccination, improper performance of the pharmaceutical administration, delegation to and negligent supervision of Day's Pharmacy staff, and improper care addressing a patient's concerns.

28. As a direct and proximate result of the aforementioned negligence and deviation from the standard of care on the part of the Defendant Day's Pharmacy, Plaintiff sustained all damages requested in the prayer for relief.

### COUNT II: BATTERY

29. Day's Pharmacy committed battery against Plaintiff by administering a vaccination that was unnecessary, negligently performed, and experimental for which he did not properly obtain informed consent, and by the failure to provide this information to Plaintiff.

30. Plaintiff would not have agreed to the COVID-19 vaccination if he had been properly advised, including but not limited to, the risk of adverse effects related to the experimental

COVID-19 vaccination.

31. As a direct and proximate result of the aforementioned battery by Day's Pharmacy, Plaintiff sustained all damages requested in the prayer for relief.

## COUNT III: LACK OF INFORMED CONSENT

32. The informed consent forms from Day's Pharmacy, which they required Plaintiff to sign, failed to fully cover all the information necessary and required for the Plaintiff to make a fully informed and educated decision regarding the COVID-19 vaccination.

33. In addition, no one verbally informed Plaintiff of the information and risks required for informed consent at the time of or before the Plaintiff's COVID-19 vaccination.

34. Day's Pharmacy failed to inform Plaintiff of material risks and dangers inherent or potentially involved with the COVID-19 vaccination.

35. Plaintiff subsequently developed and suffered severe and grievous injuries as a direct and proximate result of lack of informed consent.

## COUNT IV: VICARIOUS LIABILITY

36. At all times relevant, Defendants "John/Jane Doe" Registered Pharmacist were agents and/or an apparent agent of Day's Pharmacy. "John/Jane Doe" Registered Pharmacist were employees of Day's Pharmacy.

37. Day's Pharmacy actively held itself out to the public and Plaintiff as a highly reputable provider of pharmacy services, including providing immunization services.

38. Plaintiff looked to Day's Pharmacy in particular as the provider of the pharmacy services he received. Therefore, he had a right to assume and expect that the treatment was being

7

rendered through Day's Pharmacy and that any negligence associated therewith would render the pharmacy liable.

39. Defendant Day's Pharmacy is responsible and vicariously liable for harm caused by acts of its agents and apparent agents and is therefore responsible for the acts of "John/Jane Doe" Registered Pharmacist as alleged in this Complaint including all the counts asserted against "John/Jane Doe" Registered Pharmacist directly.

40. As a direct and proximate result of "John/Jane Doe" Registered Pharmacist's acts and omissions, Plaintiff sustained severe and grievous injuries, prolonged pain and suffering, emotional distress, humiliation, discomfort, loss of enjoyment of life, and loss of ability to perform usual and customary activities and incurred substantial medical expenses and treatment, including all of the damages listed in the Prayer for Relief.

### COUNT VII: SPOLIATION OF EVIDENCE

41. Day's Pharmacy willfully altered, destroyed, delayed, hid, modified and/or spoiled ("spoiled") Plaintiff's records, billing records, emails, paperwork, and related evidence.

42. These defendants spoiled evidence with knowledge that there was pending or probable litigation involving Plaintiff.

43. The defendants' conduct was designed to disrupt Plaintiff's potential and/or actual case, and did in fact and proximately cause disruption, damages, and harm to Plaintiff.

### "JOHN/JANE DOE" REGISTERED PHARMACIST AT DAY'S PHARMACY:

### COUNT I: NEGLIGENCE

8

44. Defendant "John/Jane Doe" Registered Pharmacist owed his patient, Plaintiff, the duty to exercise the degree of skill, care, and diligence an ordinarily prudent health care provider would have exercised under like or similar circumstances.

45. Defendant "John/Jane Doe" Registered Pharmacist breached their duty by failing to exercise the requisite degree of skill, care and diligence that an ordinarily prudent health care provider would have exercised under same or similar circumstances through, among other things, medical mismanagement and mistreatment of Plaintiff, including but not limited to improper selection for COVID-19 vaccination, education regarding COVID-19 vaccination side effects or possible adverse events, what to do in the case of an adverse event, improper performance of the pharmaceutical administration, delegation to and negligent supervision of Day's Pharmacy staff, and improper care addressing a patient's concerns.

46. As a direct and proximate result of the aforementioned negligence and deviation from the standard of care on the part of "John/Jane Doe" Pharmacist, Plaintiff sustained all damages requested in the prayer for relief.

## COUNT II: BATTERY

47. "John/Jane Doe" Registered Pharmacist committed battery against Plaintiff by administering a vaccination that was unnecessary, negligently performed, and experimental for which he did not properly obtain informed consent, and by the failure to provide this information to Plaintiff.

48. Plaintiff would not have agreed to the COVID-19 vaccination if he had been properly advised, including but not limited to, the risk of adverse effects related to the experimental

COVID-19 vaccination.

49. As a direct and proximate result of the aforementioned battery by "John/Jane Doe" Registered Pharmacist, Plaintiff sustained all damages requested in the prayer for relief.

## COUNT III: LACK OF INFORMED CONSENT

50. The informed consent forms requested by "John/Jane Doe" Registered Pharmacist, which they required Plaintiff to sign, failed to fully cover all the information necessary and required for the Plaintiff to make a fully informed and educated decision regarding the COVID-19 vaccination.

51. In addition, no one verbally informed Plaintiff of the information and risks required for informed consent at the time of or before the Plaintiff's COVID-19 vaccination.

52. "John/Jane Doe" Registered Pharmacist failed to inform Plaintiff of material risks and dangers inherent or potentially involved with the COVID-19 vaccination.

53. Plaintiff subsequently developed and suffered severe and grievous injuries as a direct and proximate result of lack of informed consent.

## COUNT IV: VICARIOUS LIABILITY

54. At all times relevant, Defendants "John/Jane Doe" Registered Pharmacist were agents and/or an apparent agent of Day's Pharmacy. "John/Jane Doe" Registered Pharmacist were employees of Day's Pharmacy.

55. Day's Pharmacy actively held itself out to the public and Plaintiff as a highly reputable provider of pharmacy services, including providing immunization services.

56. Plaintiff looked to Day's Pharmacy in particular as the provider of the pharmacy services he received. Therefore, he had a right to assume and expect that the treatment was being rendered through Day's Pharmacy and that any negligence associated therewith would render the pharmacy liable.

57. Defendant Day's Pharmacy is responsible and vicariously liable for harm caused by acts of its agents and apparent agents and is therefore responsible for the acts of "John/Jane Doe" Registered Pharmacist as alleged in this Complaint including all the counts asserted against "John/Jane Doe" Registered Pharmacist directly.

58. As a direct and proximate result of "John/Jane Doe" Registered Pharmacist's acts and omissions, Plaintiff sustained severe and grievous injuries, prolonged pain and suffering, emotional distress, humiliation, discomfort, loss of enjoyment of life, and loss of ability to perform usual and customary activities and incurred substantial medical expenses and treatment, including all of the damages listed in the Prayer for Relief.

## COUNT VII: SPOLIATION OF EVIDENCE

59. "John/Jane Doe" Registered Pharmacist willfully altered, destroyed, delayed, hid, modified and/or spoiled ("spoiled") Plaintiff's records, billing records, emails, paperwork, and related evidence.

60. These defendants spoiled evidence with knowledge that there was pending or probable litigation involving Plaintiff.

61. The defendants' conduct was designed to disrupt Plaintiff's potential and/or actual case, and did in fact and proximately cause disruption, damages, and harm to Plaintiff.

## JOHNSON & JOHNSON – JANSSEN PHARMACEUTICALS:

### COUNT I: NEGLIGENCE

62. Defendant Johnson & Johnson owed Plaintiff the duty to exercise the degree of skill, care, diligence, and transparency an ordinarily prudent pharmaceutical company would have exercised under like or similar circumstances regarding experimental pharmaceuticals.

63. Defendant Johnson & Johnson breached their duty by failing to exercise the requisite degree of skill, care and diligence that an ordinarily prudent pharmaceutical company would have exercised under same or similar circumstances through, among other things, medical mismanagement and mistreatment of Plaintiff, including but not limited to improper safety testing of their Janssen COVID-19 vaccination, improper research studies, failure to fully educate Plaintiff on potential side effects or adverse events, and improper follow-up care when adverse event was reported to Defendant by Plaintiff's physicians.

64. As a direct and proximate result of the aforementioned negligence and deviation from the standard of care on the part of the Defendant Johnson & Johnson, Plaintiff sustained all damages requested in the prayer for relief.

### COUNT II: BATTERY

65. Johnson & Johnson committed battery against Plaintiff by recommending and advertising an experimental COVID-19 vaccination that was unnecessary, negligently researched, negligently tested, and for which they did not properly obtain informed consent, inter alia,

by providing the Janssen COVID-19 vaccination to Defendant, Day's Pharmacy to administer to Plaintiff without informing him of experimental status, lack of prudent research and testing, and by the failure to provide this information to Plaintiff.

66. Plaintiff would not have agreed to the Janssen COVID-19 vaccination if he had been properly advised, including but not limited to, the experimental status and lack of prudent research of the vaccine.

67. As a direct and proximate result of the aforementioned battery by Johnson & Johnson, Plaintiff sustained all damages requested in the prayer for relief.

### COUNT III: LACK OF INFORMED CONSENT

68. The informed consent forms from Johnson & Johnson, which was required Plaintiff to sign, failed to fully cover all the information necessary and required to make an informed decision regarding the experimental Janssen COVID-19 vaccination.

69. In addition, no one verbally informed Plaintiff of the information and risks required for informed consent at the time of or before the Plaintiff's vaccination.

70. Johnson & Johnson failed to inform Plaintiff of material risks and dangers inherent or potentially involved with receiving the experimental Janssen COVID-19 vaccination.

71. Plaintiff subsequently developed and suffered severe and grievous injuries as a direct and proximate result of lack of informed consent.

### COUNT VII: SPOLIATION OF EVIDENCE

72. Johnson & Johnson willfully altered, destroyed, delayed, hid, modified and/or spoiled ("spoiled") Plaintiff's records, billing records, emails, paperwork, and related evidence.

73. These defendants spoiled evidence with knowledge that there was pending or probable litigation involving Plaintiff.

74. The defendants' conduct was designed to disrupt Plaintiff's potential and/or actual case, and did in fact and proximately cause disruption, damages, and harm to Plaintiff.

## PRAYER FOR RELIEF.

**WHEREFORE,** Plaintiff requests and seeks justice in the form and procedure of a jury, verdict, and judgment against Defendants on all claims for the following damages:

1. Past medical bills
2. Future medical bills
3. Lost income and benefits
4. Lost future income and benefits
5. Loss of ability to earn income
6. Past pain and suffering and mental anguish
7. Future pain and suffering and mental anguish
8. Plaintiff seeks a finding that his injuries are catastrophic under Ohio Rev. Code §2315.18
9. All damages permitted under Ohio Products Liability Act R.C. § 2307.71-2307.80 and all other applicable law
10. All incidental costs and expenses incurred as a result of his injuries
11. The damages to his credit as a result of her injuries
12. Punitive damages

14

13. Costs

14. Attorneys' fees

15. Interest

16. All property loss

17. All other relief to which he is entitled including O.R.C. 1345.01

18. Based upon 1-17 itemization of damages, the damages sought exceed the minimum jurisdictional amount of this Court and Plaintiff seeks in excess of $25,000.

## JURY DEMAND

Plaintiffs make a demand for a jury under all claims.

Respectfully Submitted,

*/s/Glenn Feagan*
Glenn Feagan (0041520)
5247 Madison Pike
Independence, Ky 41051
Phone: (859) 363-1900
Mobile: (610)952-8259
Fax: (859) 363-1444

*Counsel for Plaintiffs*